UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTOPHER CLARK, Individually, and on behalf
of all others similarly situated,

Civil Action No.:

Plaintiffs,

-against-

MERCHANT ADVANCE EXPRESS INC.,
STRAIGHT LINE SOURCE INC., ALI MAYAR,
VINCENT BARDONG, and DIMITRIOS TSIKAS,

Defendants.
---------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Christopher Clark, individually and on behalf of all others similarly situated, by and through his undersigned counsel, as and for his Complaint against Defendants, Merchant Advance Express Inc., Straight Line Source Inc., Ali Mayar, Vincent Bardong, and Dimitrios Tsikas ("Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. §1331.

3. The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Christopher Clark ("Clark" or "Plaintiff") is a resident of Suffolk County, New York.

6. Clark was employed by Defendants as a sales representative from on or about August 2015 to on or about October 2016.

7. Pursuant to 29 U.S.C. §216(b) of the FLSA, Clark's written consent to become a party plaintiff is attached hereto as Exhibit "A."

8. Upon information and belief, Defendant, Merchant Advance Express Inc. ("Merchant"), is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, Merchant has a principal place of business located at 360 RXR Plaza, Uniondale, New York.

10. Upon information and belief, Defendant, Straight Line Source Inc. ("Straight Line"), is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, Straight Line has a principal place of business located at 365 RXR Plaza, Uniondale, New York.

12. At all relevant times, Defendant Ali Mayar ("Mayar") was and still is a corporate officer of both Merchant and Straight Line. Upon information and belief, at all times relevant, Mayar exercised operational control over Merchant and Straight Line, controlled significant business functions of Merchant and Straight Line, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Merchant and Straight Line in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Mayar has been an employer under the FLSA and the New York Wage and Hour Law.

13. At all relevant times, Defendant Vincent Bardong ("Bardong") was and still is a corporate officer of both Merchant and Straight Line. Upon information and belief, at all times relevant, Bardong exercised operational control over Merchant and Straight Line, controlled significant business functions of Merchant and Straight Line, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Merchant and Straight Line in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Bardong has been an employer under the FLSA and the New York Wage and Hour Law.

14. At all relevant times, Defendant Dimitrios Tsikas ("Tsikas") was and still is a corporate officer of both Merchant and Straight Line. Upon information and belief, at all times relevant, Tsikas exercised operational control over Merchant and Straight Line, controlled significant business functions of Merchant and Straight Line, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Merchant and Straight Line in devising, directing, implementing, and supervising the wage and hour practices and policies

relating to the employees. As such, at all relevant times, Tsikas has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

15. Merchant and Straight Line are both providers of unsecured cash advances for small businesses that are unable to receive business funds through conventional lending institutions.

16. Merchant and Straight Line both operate out of RXR Plaza, Uniondale, New York with Merchant located in Suite 360 and Straight Line located in Suite 365.

17. The individual defendants are all officers of both Merchant and Straight Line.

18. The individual defendants spend their working days supervising the employees working for Merchant in Suite 360 and the employees working for Straight Line in Suite 365.

19. Both Merchant and Straight Line employ sales representatives who are required to sit at a cubicle all day long and make phone calls and send emails soliciting potential customers.

20. The individual defendants hire these employees.

21. The individual defendants fire these employees.

22. The individual defendants decide the hours that these employees work.

23. The individual defendants decide the manner in which these individuals are to be paid.

24. The individual defendants participate in running the day to day business of both Merchant and Straight Line.

25. Mayar hired Clark in August 2015.

26. During his employment, the individual defendants all supervised Clark on a daily basis.

27. During the months of August, September, and October 2015, the individual defendants had Clark work as a sales representative at Merchant in Suite 360.

28. From November 2015 to the end of his employment, the individual defendants had Clark work as a sales representative at Straight Line in Suite 365.

29. Both Merchant and Straight line operate the same type of business with the same owners.

30. Both Merchant and Straight line have the same employees who are sent by the owners to work in both Suite 360 and 365 perform the same exact job duties and responsibilities.

31. During his employment, Clark worked Monday through Saturday.

32. Clark arrived at work each morning at 6:45 a.m. on Monday through Friday and 10:00 a.m. on Saturday.

33. On Monday through Thursday, Clark worked until 8:00 p.m.

34. On Friday, Clark worked until 4:00 p.m.

35. On Saturday, Clark worked until 2:00 p.m.

36. During his employment, Clark was not given any uninterrupted meal breaks of more than 15 minutes.

37. During his employment, Clark worked 66.25 hours each week.

38. During his employment, Clark sat at a cubicle all day in either Suite 360 or Suite 365 making phone calls and sending emails to solicit potential small businesses that were in need of cash advances.

39. During his employment, Clark was primarily paid on a commission basis.

40. Clark was given a small amount of money each week that amounted to less than minimum wage, but that money was taken back by defendants when Clark earned a commission.

41. During his employment, Clark was not paid overtime or time and a half his regular rate of pay when he worked more than 40 hours each week.

42. During his employment, Clark was not paid the statutory minimum wage for all hours that he worked.

43. During his employment, Clark worked shifts in excess of 10 hours each week but was not paid spread of hours compensation.

44. During his employment, Clark was not paid all of the commissions that he earned and are due and owing to him.

45. Defendants did not keep accurate time records of the actual hours that Clark worked as required by Federal and New York State rules and regulations.

46. Defendants employ other sales representatives.

47. These sales representatives are not paid overtime compensation.

48. These sales representatives regularly work more than 40 hours per week.

49. These sales representatives are not paid the statutory minimum wage.

50. These sales representatives are all paid primarily on a commission basis.

51. These sales representatives are all given a small amount of money each week that does not amount to minimum wage, but that money is taken back by defendants when the representatives earn commissions.

52. These sales representatives are not paid time and a half their regular rates of pay when they work more than 40 hours each week.

53. These sales representatives all work shifts in excess of 10 hours each week but are not paid spread of hours compensation.

54. These sales representatives are subject to the same illegal practices and policies as Clark.

55. Defendants do not and did not keep accurate records of the actual hours that their sales representatives work each week.

56. Defendants managed Clark and other similarly situated employees' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

57. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Clark's rights; and Clark has been damaged by such failures.

## GENERAL ALLEGATIONS

58. Plaintiff, individually, and on behalf of all similarly situated current and former employees of the Defendants, including its subsidiaries and affiliated companies, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation, minimum wages, and statutory penalties owed to Clark and all other similarly situated employees.

59. Defendants' failure to pay Clark and all other similarly situated employees overtime compensation when these employees worked in excess of 40 hours per week has violated the FLSA and the NYLL.

60. As a result of these unlawful practices, Clark and the similarly situated employees suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons:

> All sales representatives who performed their primary duties for Defendants at the Defendants' offices located at 360 and/or 365 RXR Plaza, Uniondale, New York at any time from 6 years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

62. Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of 40 hours a week without being paid overtime compensation.

63. Defendants have known that the Plaintiff and similarly situated employees have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive the Plaintiff and the other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

64. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiff and the similarly situated employees.

## COUNT I
## FLSA Overtime Claim

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

67. The corporate Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are enterprises engaged in commerce or in the production of goods for commerce.

68. Clark and the FLSA class are individuals engaged in commerce because they regularly solicit small businesses throughout the United States by telephone and email transmissions.

69. Upon information and belief, the gross annual volume of sales made or business done by each corporate defendant for the years 2016 and 2015 was not less than $500,000.00 each year.

70. At all times relevant to this action, Plaintiff and the similarly situated employees have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

71. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

72. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the FLSA collective action plaintiffs overtime compensation as required by the FLSA.

73. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

74. The Plaintiff and the similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been

applied to all members of the FLSA collective action and has deprived them of overtime compensation.

75. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

76. As a result of Defendants' violations of the FLSA, Plaintiff and all others similarly situated have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

77. Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as sales representatives with respect to the claims pleaded in Counts II, III, IV, and V of the complaint.

78. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) The representative parties will fairly and adequately protect the interests of the class; and

(e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

79. Plaintiff seeks certification of a class consisting of the following individuals:

All sales representatives who performed their primary duties for the Defendants at the Defendants' offices located at 360 and/or 365 RXR Plaza, Uniondale, New York at any time from 6 years prior to the filing of this action to the entry of judgment in this Action (hereinafter the "New York Class").

### Numerosity

80. Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

81. The proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### Common Questions of Fact or Law

82. There are questions of fact and law common to each class member which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to, the following:

(a) Whether the class members have qualified for exempt status;

(b) Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

(c) Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

(d) Whether the class members have been uniformly classified as exempt from overtime requirements;

(e) Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

(f) Whether Plaintiff and class members have been expected or required to work in excess of 40 hours per week;

(g) Whether Defendants' failure to pay overtime compensation has been willful; and

(h) Whether Defendants' failure to pay minimum wages, commissions, and spread of hours pay has been willful.

83. The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

84. Plaintiff's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class they seek to represent.

### Adequacy

85. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of such class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who

are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

86. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

87. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

88. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT II
### NYLL Overtime Claim

89. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

90. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

91. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

92. By the above-alleged conduct, Defendants have failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

93. Plaintiff and the other members of the New York Class are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

94. Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

95. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

96. As a result of Defendants' violations of the NYLL, Plaintiff and all others members of the New York class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL Minimum Wage Claim

97. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

98. Defendant willfully failed to pay Plaintiff and members of the class at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

99. As a result of Defendants' unlawful practices, the Plaintiff and the members of the class have suffered a loss of wages.

100. As a result of defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff and the members of the class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
## NYLL 191 and 198

101. That at the time Clark's employment ended with defendants, he was and is entitled to commissions that he had already earned.

102. That defendants suffered and permitted Clark and others to regularly work numerous hours each week without paying him earned commissions.

103. The defendants' failures to pay Clark and others commissions that they earned constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to plaintiff's rights.

104. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Clark and others have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
## NYLL Spread of Hours

105. Plaintiff alleges, re-alleges and incorporates by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

106. During his employment, Plaintiff and others worked shifts in excess of ten (10) hours each workweek.

107. Defendants failed to pay the Plaintiff and others spread of hours compensation of an additional hour of pay at the minimum wage for each day that the Plaintiff and others worked a spread of hours in excess of ten hours as required under the New York State Department of Labor's Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

108. Defendants' failures constituted outrageous conduct, made knowingly and willfully or with a reckless indifference to the Plaintiff's rights.

109. As a result of Defendants' violations of the NYLL and the Regulations pertaining thereto, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VI
### NYLL Failure to Provide Wage Notices Claim

110. The Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

111. Defendants willfully failed to furnish the Plaintiff and others with wage notices during their employment as required by NYLL § 195(1), which were to contain, among other things, the Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the Plaintiff's regular hourly rates of pay and overtime rates of pay.

112. Through their knowing and intentional failure to provide the Plaintiff and others with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

113. Due to Defendants' willful violations of the NYLL, the Plaintiff and others are entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
### NYLL Failure to Provide Wage Statement Claim

114. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

115. Defendants willfully failed to provide the Plaintiff and others with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked. Through their knowing and intentional failure to provide the Plaintiff with proper and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

116. Due to Defendants' willful violations of the NYLL, the Plaintiff and others are entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to February 27, 2015 that Defendants failed to provide the Plaintiff and others with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition

to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff and others with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

- A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all sales representatives who currently work for or who have worked for Defendants within the last six years;

- B. Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former sales representatives employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

- C. Authorize Plaintiff to certify his claims under the state law of New York;

- D. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt into this Action;

2. Willfully violated the overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages, minimum wages, spread of hours pay, and commissions to Plaintiff and all class members;

4. Willfully violated the applicable provisions of the NYLL.

E. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F. Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

G. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL.

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 25, 2017

Neil H. Greenberg & Associates, P.C.
Attorneys for the Plaintiff
By: Neil H. Greenberg, Esq.
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Clark, Christopher, et al v. Merchant Advance Express, Inc., et al</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       Monday, January 16, 2017

*/s/ Christopher Clark*
Christopher Clark