UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW ORK
--------------------------------------------------------------X
CHRISTOPHER CLARK, Individually, and on
behalf of all others similarly situated,

                       Plaintiffs,

      - against -                              CV 17-409 (AKT)

MERCHANT ADVANCE EXPRESS INC.,
STRAIGHT LINE SOURCE INC., ALI
MAYAR, VINCENT BARDONG, and
DIMITRIOS TSIKAS,

                       Defendants.
--------------------------------------------------------------X

## ORDER APPROVING SETTLEMENT AND
## DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Having reviewed the Complaint filed in this case by Plaintiff CHRISTOPHER

CLARK, on behalf of himself and all others similarly situated, as well as the Answer filed by

the Defendants, having assessed the claims and defenses raised by the parties, having conferred

at some length with counsel at the Initial Conference regarding potential resolution of this

action, having taken into account the Parties' exchange of substantial documents during

discovery and prior to the settlement, having reviewed the damages calculations for the

Plaintiff and the eight Opt-ins, having considered the applicable case law, having carefully

reviewed the proposed Settlement Agreement and General Release, and for good cause shown,

the Court hereby ORDERS, ADJUDGES and DECREES that:

      1.      The Settlement Agreement, to the extent it addresses claims under the Fair Labor

Standards Act: (a) is the result of arm's length negotiations and is fair to all Parties;

1

(b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good faith intention by the Parties (i) to fully and finally resolve the Plaintiffs' claims for liability and damages under the Fair Labor Standards Act and (ii) not to re-litigate in whole or in part at any point in the future the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiffs' wages while employed by the Defendants.

2.     The well-reasoned presentation of Plaintiffs' counsel with respect to the fairness and reasonableness assessment is persuasive.  The Settlement Agreement meets the standards set forth in *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332 (S.D.N.Y.2012) in that:  (a) the Plaintiffs' range of possible recovery is affected by the dispute over the number of hours Plaintiff Clark and the opt-ins worked since Defendants maintain that they have complied with the FLSA and the NYLL in that Plaintiff and the opt-ins were paid for every hour that they worked; (b) the characterization of the supervision of the Plaintiff and opt-ins by Defendant Tsikas during the hours of the company's operation and the Defendants' time-keeping system could well impact the calculation of the Plaintiff and opt-ins' pay; (c) the prospect exists of defense witnesses providing testimony which conflicts with Plaintiffs' testimony; (d) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses and the risk in proceeding with the litigation; (e) the record reflects qualitative risks for both sides should the case proceed to trial; (f) the settlement is clearly the product of arm's length negotiations between known and experienced counsel in the field; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion.  *See Wolinsky*, 900 F.Supp.2d at 335 (internal quotations omitted).

3.      The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because:  (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA claims asserted in this litigation; and (c) the Plaintiff and opt-ins will receive payments which constitute 100% of their claimed FLSA/NYLL overtime compensation and 100% of their claimed NYLL minimum wage compensation; (d) the attorney's fees represent one-third of the settlement amount, plus reimbursement of costs.

4.      The Plaintiff's Release of the Defendants as partial consideration for the settlement is sufficiently limited to deem the release fair and proper.  The Court further notes that Exhibits A and B to the Settlement Agreement provide a breakdown of the individual settlement amounts to be paid to the named Plaintiff and the eight opt-ins.

5.      Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of one-third of the gross settlement amount to the attorney's fees, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the named Plaintiff and opt-ins by their counsel, Neil H. Greenberg & Associates P.C., by Justin M. Reilly, Esq.  Such apportionment is well within the parameters set by courts in this District.  *See, e.g., Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc*., 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc*., 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).

6.      In light of all of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable.  The settlement is therefore APPROVED  by the Court.

7.      The Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

8.      This lawsuit and the claims asserted in it are DISMISSED, with prejudice, in their entirety.

9.      Each party shall bear his/its own costs, except as provided to the contrary in the Settlement Agreement.

**SO ORDERED**.

Dated: Central Islip, New York
       December 14, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

4